# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-cr-284-RLH-PAL-4 |
| Plaintiff, | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONCERNING TOLLING UNDER SPEEDY TRIAL ACT** |
| PATRICIA BASCOM, | |
| Defendant. | |

## FINDINGS OF FACT

Based on the proceeding in open court, and good cause appearing to give the parties time to investigate defendant's motion to withdraw her plea and to prepare for an evidentiary hearing and briefing of that motion, the Court finds that:

1. This matter was previously set for sentencing on December 1, 2012. At that hearing, defendant indicated that she may wish to move to withdraw her plea. Accordingly, the Court continued sentencing to January 5, 2012, and ordered defendant to file any motion to withdraw in advance of that hearing.

2. The government subsequently moved to continue briefly defendant's sentencing, due to a preexisting calendar conflict for government counsel. The Court granted the government's motion and continued sentencing to January 9, 2012.

3. On January 8, 2012, just before 10 p.m. PST, defendant filed a motion styled "Motion to Withdraw Plea Bargain for the Reasons Outlined Below" (the "Withdrawal Motion"). That motion, which appears to incorporate in its body an affidavit executed by Ms. Bascom, ran approximately 68 pages in length.

4. On January 9, 2012, the parties appeared before the Court at 10 a.m. At that hearing, defendant served upon the government for the first time a notarized document entitled "Affidavit

in Support of Motion to Vacate Plea Bargain." During the hearing, government counsel represented that government counsel, having received the motion for the first time on the evening of January 8, 2012, had not had an opportunity to review or analyze the Withdrawal Motion before appearing in Court. Government counsel asked for 30 days to investigate defendant's Withdrawal Motion and asked for an evidentiary hearing on that motion. Government counsel also proposed that, to the extent the Court would find it useful, the parties could then brief the issues posed by the Withdrawal Motion.

5. The Court finds that this matter is best resolved following an adequate investigation of the Withdrawal Motion, an evidentiary hearing and, potentially, briefing.

## **CONCLUSIONS OF LAW**

Ms. Bascom has already pled in this matter. To the extent the Speedy Trial Act applies, the Court concludes that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice. The Court further concludes that it must determine whether the Withdrawal Motion is meritorious before this case can proceed either to sentencing or to trial.

The period from the filing of Ms. Bascom's motion until its resolution is excludable under the Speedy Trial Act, title 18, United States Code, Sections 3161(h)(1)(D)(pending motion); 3161(h)(1)(G)(Court's consideration of the plea); and 3161(h)(7)(A), when the considering the facts under Title 18, United States Code, Section 3161(h)(7)(B)(i)(ends of justice).

## **ORDER**

For good cause shown, to allow the parties to investigate and litigate the Withdrawal Motion,

IT IS ORDERED that the parties shall appear before the Court on February 2, 2012, at 8:30 a.m. for an evidentiary hearing;

IT IS FURTHER ORDERED that the defendant, being the moving party, shall have until and including **February 13, 2012**, to file any additional briefing following the evidentiary hearing in this matter;

IT IS FURTHER ORDERED that the government shall have until and including **February 27, 2012**, to file any briefing on defendant's motion;

IT IS FURTHER ORDERED that the time for trial mandated by the Speedy Trial Act is tolled in accordance with the Act, for the reasons set forth above.

DATED this 11th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE